IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENEIKO CARLISLE. ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 04 C 6832 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner attacks his sentence as illegal in light of Blakely v. Washington, 124 S.Ct. 2531 (2004) (which was further amplified in United States v. Booker, No. 04-104 (U.S., January 12, 2005)). But, as the Seventh Circuit made clear in McReynolds v. United States, ___ F.3d ___, Nos. 04-2520, 04-2632 and 04-2844 (7th Cir., February 2, 2005), Booker has no retroactive application.

His second contention is that his counsel were ineffective for not moving for a new trial after a government attorney admitted in an affidavit that his memory had betrayed him when, in cross-examining a defense witness, he asked twice whether a person who testified against the witness in his trial had done so under a grant of immunity. In both instances the witness testified that he did not recall whether she did or not. The ostensible purpose was to impeach the witness by suggesting that he had a bias against a government prosecution using cooperating witnesses. In fact, there had been no grant of immunity.

Petitioner's counsel did move for a new trial for that reason. On February 21, 2001, he moved to join in defendant McClurge's motion to that effect and it was granted – and McClurge's motion was then denied.

According to petitioner, both his trial counsel and his subsequent sentencing counsel advised him one way or another that the issue was not worth pursuing – and they were right. What the lawyers say is not evidence, and the jury was so advised. The questions, while based on a false premise, were entirely unrelated to the substance of the witness' knowledge and were directed solely to a rather indirect impeachment of a convicted and imprisoned felon, as the jury knew, who could not, from any perspective, be described as someone who liked the government. Two questions of that nature during a long trial are hardly the stuff of a denial of a fair trial.

Finally, petitioner wishes to leave open the possibility of future collateral attacks because he says his case file cannot presently be located. He obviously does have a transcript. If something else should subsequently turn up that he believes provides the basis of a claim, he can always raise it and then explain why he believes he is then entitled to raise it. We do not, however, grant him leave to file whatever he wishes in the future.

The petition is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 15, 2005.